UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE CLARK,

                Petitioner,

v.                                 CASE NO. 08-10523
                                 HONORABLE VICTORIA A. ROBERTS

KENNETH ROMANOWSKI,

                Respondent.

_____/

## ORDER DENYING PETITIONER'S INDEPENDENT
## ACTION AND MOTION FOR RELIEF FROM JUDGMENT

On February 5, 2008, petitioner George Clark ("Petitioner") filed a petition for the writ of habeas corpus through counsel.  The habeas petition challenged Petitioner's Wayne County conviction for first-degree murder.  On August 30, 2010, the Court denied the petition, but granted a certificate of appealability on Petitioner's claims under the Confrontation Clause.  Petitioner appealed the Court's decision without success. On March 23, 2012, the United States Court of Appeals for the Sixth Circuit affirmed this Court's decision after concluding that Petitioner procedurally defaulted his Confrontation Clause claims.

Currently pending before the Court is Petitioner's *pro se* "Rule 60(d)(3) Independent Action Motion for Relief from Judgment."  The basis for Petitioner's motion is that his state appellate attorney, his habeas attorney, and the assistant attorney general who filed an answer to the habeas petition committed a fraud on the courts.

## I.  Legal Framework

Rule 60(d) reads in relevant part:

> **(d) Other Powers to Grant Relief.**  This rule does not limit a court's power to:
>
> > (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
> >
> > . . . . or
> >
> > (3) set aside a judgment for fraud on the court.

An independent action under Rule 60(d)(1) is "an independent action in equity to obtain relief from a judgment."  *Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011) (quoting *Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1262-63 (6th Cir. 1987) (quoting 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 237-38 (1973)), *cert. denied*, __ U.S. __, 132 S. Ct. 1111 (2012).  The elements of an independent action are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Id.* (quoting *Barrett*, 840 F.2d at 1263 (citing 11 C. Wright & A. Miller, Federal Practice & Procedure § 2868, at 238 (1973), and *National Surety Co. v. State Bank*, 120 F. 593, 599 (8th Cir. 1903)).

"[A]n independent action is 'available only to prevent a grave miscarriage of justice,'" and a "'grave miscarriage of justice' is a 'stringent' and 'demanding' standard." *Id.* (citations omitted).  To establish that relief is required to prevent a grave miscarriage

2

of justice in a habeas corpus case, the petitioner "must make a strong showing of actual innocence." *Id.* at 595-96.

## II.  Application

Petitioner has not made a strong showing of actual innocence.  In fact, the state trial court determined that there was ample evidence of first-degree murder, and this Court determined in its dispositive opinion and order that the state court's finding was not contrary to, or an unreasonable application of, *Jackson v. Virginia*, 443 U.S. 307, 318 (1979) (stating that the relevant question on review of the sufficiency of the evidence to support a criminal conviction "is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").

Although Petitioner alleges that a fraud was committed on the courts, the basis for this contention is that his state appellate attorney filed an untimely application for leave to appeal in the Michigan Supreme Court on direct appeal.  Additionally, Petitioner alleges that his habeas attorney forged his signature on the habeas petition, and the assistant attorney general for the State of Michigan misled the Court in his answer to the petition.  None of these allegations pertain to Petitioner's guilt or innocence. Furthermore,

> The elements of fraud on the court are:
>
> conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court.

*Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009) (citing *Demjanjuk v. Petrovsky*,

3

10 F.3d 338, 348 (6th Cir. 1993)).  Petitioner has the burden of proving the existence of a fraud on the court by clear and convincing evidence.  *Id.* (citing *Info-Hold, Inc. v. Sound Merch, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Even assuming that Petitioner has satisfied the first and second elements of fraud on the court, his allegations fall short of satisfying the other elements.  The failure to file a timely application for leave to appeal in state court may have been negligent conduct, but there is no reason to believe that appellate counsel acted in an intentionally false manner, with willful blindness to the truth, or with reckless disregard for the truth.  Nor did the late filing actually deceive the state court.  The Clerk of the Michigan Supreme Court rejected Petitioner's application as untimely on July 29, 2005.

It also does not appear that Petitioner's retained habeas attorney forged Petitioner's signature on the habeas petition.  There are two signatures on the petition: one purports to be the attorney's signature and one purports to be Petitioner's signature.  The two signatures are dissimilar.  Further, at no point during the pendency of the habeas petition did Petitioner object to his signature being forged.  This leads the Court to believe that, even if Petitioner's former attorney signed the habeas petition in Petitioner's behalf, he likely did so with Petitioner's approval.

As for Petitioner's allegation about the Michigan Attorney's General Office, Petitioner merely states, without elaboration, that the assistant attorney general submitted false and misleading facts to the Court.  Petitioner's conclusory allegation about the assistant attorney general is not clear and convincing proof of fraud.  The Court, moreover, reviewed the state court record and does not believe that it was misled by the facts set forth in the answer to the habeas petition.

4

For all the reasons given above, the Court concludes that Petitioner has failed to establish the elements of fraud on the court and the elements of an independent action under Rule 60(d)(1).  Accordingly, Petitioner's Rule 60(d)(3) independent action and motion for relief from judgment [dkt. #42, filed Aug. 27, 2012] is **DENIED**.

<u>**S/Victoria A. Roberts**</u>
**Victoria A. Roberts**
**United States District Judge**

**Dated:  January 11, 2013**

| |
|---|
| **The undersigned certifies that a copy of this document was served on the attorneys of record and George E. Clark by electronic means or U.S. Mail on January 11, 2013.**<br><br><u>**S/Carol A. Pinegar**</u><br>**Deputy Clerk** |

5