UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE CLARK,

        Petitioner,

v.                                          CASE NO. 08-10523
                                             HONORABLE VICTORIA A. ROBERTS

KENNETH ROMANOWSKI,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTIONS FOR REHEARING, FOR A CERTIFICATE OF APPEALABILITY, TO APPOINT APPELLATE COUNSEL, AND TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

On February 5, 2008, petitioner George Clark filed a habeas corpus petition through counsel. The habeas petition challenged Petitioner's Wayne County conviction for first-degree murder. On August 30, 2010, the Court denied the petition, but granted a certificate of appealability on Petitioner's claims under the Confrontation Clause. On March 23, 2012, the United States Court of Appeals for the Sixth Circuit affirmed this Court's decision after concluding that Petitioner procedurally defaulted his Confrontation Clause claims.

Shortly after the Court of Appeals issued its mandate, Petitioner filed a *pro se* motion titled "Rule 60(d)(3) Independent Action Motion for Relief from Judgment." Petitioner alleged in his motion that his state appellate attorney, his habeas attorney, and the assistant attorney general who filed an answer to his habeas petition committed a fraud on the courts. On January 11, 2013, the Court denied Petitioner's motion because he did not satisfy the elements of a fraud on the court or the elements of an

independent action under Rule 60(d).

Petitioner recently appealed the Court's decision on his motion for relief from judgment. Currently pending before this Court are Petitioner's motions for rehearing, for a certificate of appealability, for appointment of appellate counsel, and to proceed *in forma pauperis* on appeal.

In his motion for rehearing, Petitioner raises the same issues that he presented to the Court in his motion for relief from judgment. And even though his motion includes affidavits from Bearia Stewart and Garry Burris to support his claim of innocence, Ms. Stewart signed her affidavit in 2003, and Mr. Burris signed his affidavit in 2006. The affidavits are not new evidence; in fact, Ms. Stewart signed her affidavit long before the Michigan Court of Appeals issued its decision affirming Petitioner's conviction.

Furthermore, in the Court's dispositive opinion, the Court considered and rejected Petitioner's claim that he was entitled to a new trial due to Ms. Stewart's recanting statements. The Court may not grant a motion for rehearing or reconsideration that merely presents the same issues already ruled upon by the court. LR 7.1(h)(3) (E.D. Mich. Mar. 1, 2010). Petitioner also has not demonstrated that the Court made "a palpable defect," *id.*, when it denied the motion for relief from judgment. Accordingly, the motion for rehearing [Doc. #45, filed Jan. 25, 2013] is **DENIED**.

To obtain a certificate of appealability, Petitioner must demonstrate either that reasonable jurists could disagree with the Court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed further. *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). Petitioner's fraud-on-the-court claims do not warrant encouragement to proceed further, and reasonable jurists would not disagree

with the Court's resolution of Petitioner's motion for relief from judgment. Therefore, Petitioner's motion for a certificate of appealability [Doc. #44, filed Jan. 25, 2013] is **DENIED**.

Petitioner seeks appointment of appellate counsel on grounds that he is indigent and unable to retain counsel, that the issues are complex, and that he has limited access to the prison law library. "[T]here is no constitutional right to counsel in habeas proceedings," *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005), and the interests of justice do not require appointment of counsel in this case. Therefore, Petitioner's motion for appointment of counsel [Doc. #47, filed Jan. 25, 2013] is **DENIED**.

Finally, Petitioner seeks leave to proceed *in forma pauperis* on appeal. "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

Petitioner's motion for relief from judgment lacked merit because it failed to establish that Petitioner was actually innocent and that his attorneys committed a fraud on the courts. Consequently, an appeal from the Court's order denying the motion for relief from judgment could not be taken in good faith, and the motion to proceed *in forma pauperis* on appeal [Doc. #48, filed Jan. 25, 2013] is **DENIED**.

    **IT IS ORDERED**.

                                        S/Victoria A. Roberts
                                        Victoria A. Roberts
                                        United States District Judge

Dated: February 20, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on February 20, 2013.

S/Linda Vertriest
Deputy Clerk

4